Filed 10/9/23  P. v. Cox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098025 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04689) |
| v. | |
| RIDGEWAY THOMAS COX III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Ridgeway Thomas Cox, III, asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

The instant case is one of two cases defendant resolved with a plea bargain on November 30, 2022.

In this case, the felony complaint, deemed an information, charged defendant with two counts of failing to appear with the special allegations he was on his own recognizance when he committed the offenses. (Pen. Code, §§ 1320, subd. (b), 12022.1.) The parties stipulated the trial court could draw the factual basis for the plea from the probation report.

In the second case, upon which the failure to appear charges were based, the felony complaint alleged defendant made criminal threats, failed to register as an arsonist, and alleged defendant had a prior strike. (Pen. Code, §§ 422, subd. (a), 457.1, subd. (h), 667, subd. (b)-(j), & 1170.12.) According to the probation report, defendant threatened to burn down the victim's house with her inside.

Pursuant to a plea agreement, defendant pleaded no contest to a single count of failing to appear in exchange for dismissal of the second count, the enhancements, and the second case. Upon receipt of the plea, the trial court dismissed the second action and the special allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing, the trial court sentenced defendant to the middle term of 2 years and properly confirmed 224 days of credit for time served. The trial court imposed a $300 restitution fine (Pen. Code, § 1202.4), imposed and stayed a $300 parole revocation fine (Pen. Code, § 1202.45), reserved the amount of restitution, imposed a court operations assessment of $40 (Pen. Code, § 1465.8) and a conviction assessment of $30 (Gov. Code, § 70373).

Defendant timely appealed and sought but did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.


                                        _____

                                        HULL, Acting P. J.

We concur:


_____

BOULWARE EURIE, J.


_____

MESIWALA, J.

3